IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TAMEEKA JACKSON, *Personal Representative of the Estate of Shawn Demont Jackson*,<br>　　Plaintiff,<br><br>　　v.<br><br>SCHOOL BOARD FOR THE CITY OF RICHMOND, VIRIGINA, *et al.*,<br>　　Defendants. | Lead Civil Action<br>No. 3:24CV528 (RCY) |

**RULE 16(b) SCHEDULING ORDER**

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter. Only the Court, by order, may approve extensions of time. Subject to any motions now pending, the parties having reported to the Court in accordance with the Federal Rule of Civil Procedure (hereinafter "Rule") 26(f), the Court ORDERS as follows:

**Trial Date**

1.　An **8-day Jury Trial** is scheduled to commence on **April 7, 2025, at 9:15 A.M.**

**Settlement Conference**

2.　The parties are required to schedule a settlement conference before the U.S. Magistrate Judge assigned to this case, with such conference taking place no later than thirty (30)

calendar days before the dispositive motion deadline.[1] Trial counsel shall appear at any settlement conference with the party or parties whom they represent and, consistent with the procedures prescribed by the Magistrate Judge, a party representative must be in attendance who has full settlement authority to resolve the case.

**Final Pretrial Conference**

3. A Final Pretrial Conference ("FPTC") will be held on **March 27, 2025,** at **10:30 A.M.** Not later than **7 days before the FPTC**, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

**Responsive Pleadings or Answers; Other Motions**

4. Any defendant that has not filed an Answer shall do so no later than **11 days after this order**. Any motions for joinder of additional parties shall be filed no later than **15 days after this order**. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires. Local Civil Rule 7(E) notwithstanding, the Court will not automatically deem a motion withdrawn absent a filed notice requesting (or waiving) hearing; the Court will schedule a hearing only if it determines one may be necessary after review of the briefs.

---

[1] Subject to the demands of the Magistrate Judge's calendar. Should the parties find it necessary to schedule outside this preferred timeframe, the Court defers to the judgment and convenience of the Magistrate Judge.

## Rule 26 Disclosures

5.  Not later than **135 days before the FPTC**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26. Not later than **110 days before the FPTC**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Not later than **100 days before the FPTC**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any such opposition witness and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

6.  The parties are advised that they may rely upon the testimony of only one expert per topic, except by order of the Court. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **70 days before the FPTC**. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

## Completion of Discovery

7.  All discovery, including the required time period for response to any discovery

demand(s), must be concluded not later than **90 days before the FPTC**, except by order of the Court.  Counsel are expected to resolve discovery disputes without filing motions or involving the Court.  If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the parties must file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court.  If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms:  the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages.  The motion to compel (or motion for protective order) must contain a description of the efforts made by the parties to resolve the dispute and an explanation as to why the parties were unable to file a joint motion.  Moreover, unless resolution of the dispute under the standard pleading deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, any non-joint pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in this paragraph (above).  Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

8. No discovery materials shall be filed with the Clerk except by order of the Court.

9. If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

## Dispositive Motions

10. All dispositive motions shall be filed not later than **75 days before the FPTC.** This deadline shall not change, except by order of the undersigned. Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

## Non-Dispositive Motions

11. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 5 *supra*) shall be filed not later than **30 days before the FPTC**. The brief in

opposition to such non-dispositive motions shall be filed not later than **24 days before the FPTC**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **20 days before the FPTC**. Counsel for each party shall meet and confer with opposing counsel in a good faith effort to narrow the areas of disagreement **prior** to filing such motions.

### Proposed Witnesses

12. Each plaintiff shall file a list of proposed witnesses by **40 days before the FPTC**, and each defendant shall designate its witnesses by **30 days before the FPTC**. Plaintiff(s) shall file a list of any rebuttal witnesses by **24 days before the FPTC**. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

### Discovery To Be Used As Evidence

13. Each plaintiff shall file a designation no later than **40 days before the FPTC,** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise by **30 days before the FPTC**. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission.

### Jury Instructions and Verdict Form

14. If this matter is to be tried by a jury, counsel for all parties shall jointly file electronically any requested jury instructions, including all requested standard instructions, and a proposed verdict form by **21 days before the FPTC**. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the

requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers. Proposed jury instructions shall be written in sentence case, not all caps.

15. Not more than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions or verdict form questions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction. Not more than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

### *Voir Dire*

16. Any proposed jury *voir dire* to be requested by any party shall be filed by **21 days before the FPTC**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

### **Pretrial Briefs**

17. No later than **14 days before the FPTC**, each party shall file a pretrial bench brief setting forth their view of the case, the elements of each claim, a discussion of any material issues, and a discussion of any unusual evidentiary issues expected to arise at trial. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a

remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about any potential trial issues.

### Written Stipulations

18. Not later than **24 days before the FPTC**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **21 days before the FPTC**.

### Proposed Exhibits

19. Each plaintiff shall file a list of proposed exhibits by **40 days before the FPTC** and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party by **30 days before the FPTC**.

20. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. **At least 7 days before trial**, each party shall deliver to the Clerk's Office a disc or thumb drive containing that party's exhibits (which shall be saved with filenames indicative of exhibit number). **The day of trial**, each party shall bring to Court and deliver to the courtroom deputy clerk three (3) trial binders containing pre-marked, indexed copies of that party's exhibits, for use during trial proceedings and by the jury during its deliberations.

### Pretrial Objections

21. Parties shall meet and confer with regard to any objections concerning any exhibits, witnesses, or discovery to be used as evidence. For any objections that are not resolved, the parties shall file a joint memorandum that includes the following information: the unresolved objection,

which must identify the exhibit or other matter to which it applies, including its designation number; a brief description of the exhibit or other matter; the basis for the objection including the applicable Federal Rule of Civil Procedure or Rule of Evidence and how the Rule is violated; and a response from the party offering the exhibit or other matter explaining why the exhibit or other matter does not violate the applicable Rule. The parties shall file the joint memorandum by **14 days before the FPTC**. Parties shall include an electronic copy of any exhibit that has an unresolved objection.

### Audio or Video Recordings

22. If either party intends to introduce an audio or video recording into evidence, such party must prepare a written transcript of the recording to accompany the recording.

### Use of Artificial Intelligence

23. Should any party utilize artificial intelligence for the preparation of any filing, they must identify the use of the artificial intelligence in the filing and provide a certification that they have reviewed all citations for accuracy.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

                                                    /s/ RCY
Roderick C. Young
United States District Judge

Date: August 28, 2024
Richmond, Virginia